**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROMILIO ROA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1786** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of proposed findings and recommendations. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Factual and Procedural Background

On May 26, 2023, plaintiff Romilio Roa ("Roa") filed a petition for judicial review of an adverse final decision of the Commissioner of Health and Human Resources pursuant to 42 U.S.C. § 405(g). ECF No. 1. The Court issued a scheduling order dictating the briefing schedule to be adhered to by the parties. ECF No. 4. On July 25, 2023, defendant Social Security Administration filed its answer and a transcript of the administrative proceedings. ECF Nos. 5, 6. Under the Court's scheduling order, Roa was required to file a brief in support of his claims for relief within thirty (30) days of the filing of the defendant's brief, or by August 24, 2023. Roa did not file a brief by that deadline.

On October 18, 2023, the Court issued a Show Cause order requiring that, on or before November 1, 2023, Roa show cause by written motion or memorandum why his claims and demands against defendant should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for his failure to prosecute. ECF No. 7. The Court warned Roa that failure to comply with the Show Cause Order may result in the dismissal of his case without further notice. *Id*., at 1. The Clerk of Court

mailed a copy of the Show Cause Order to Roa at his address of record. The envelope has not been returned as undelivered, and Roa has not responded or complied with the Show Cause Order.

## II.    Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III.    Analysis

Roa has not replied to the Court's Show Cause Order. He has not filed a brief or otherwise contacted the Court about his case. Roa is proceeding *pro se*, and his failure to comply with the Court's prior orders is solely the result of his own actions or inactions. He has been given adequate opportunity to comply with the Court's Briefing Order and Show Cause Order, and he has failed to do so. Without his brief, the Court is unable to discern the basis for the review sought from the superficial, form complaint Roa used to initiate this matter. His failure to provide the required briefing has resulted in the Court's inability to move forward with this case and its docket. For

these reasons, Roa's complaint should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Romilio Roa's complaint against the Social Security Administration be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for his failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 21st day of December, 2023.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.